IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH SVIRBLEY, | : | |
|     Plaintiff, | : | 1:17-cv-2292 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| SUPT. THOMAS M. MCGINLEY, | : | |
| (CO-I) JOHN DOE, | : | |
|     Defendants. | : | |

## **MEMORANDUM**

### **January 31, 2018**

Plaintiff, Joseph Svirbley ("Svirbley"), a state inmate incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township") filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, on December 13, 2017, naming as defendants Superintendent Thomas M. McGinley and Correctional Officer John Doe. (Doc. 1). He seeks to proceed *in forma pauperis*. (Doc. 2).

For the reasons set forth below, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I.  **STANDARDS OF REVIEW**

Section 1915(e)(2)(B)(ii), which pertains to *in forma pauperis* proceedings states, in pertinent part, "the court shall dismiss the case at any time if the court determines that…the action or appeal…fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review for

is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, which provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice*.*" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*,

556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir.2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth. *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." *Iqbal*, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II. ALLEGATIONS OF THE COMPLAINT

Svirbley alleges, *in toto*, as follows:

I am an LGBTQ (queer) inmate who likes to have sexual relations with other (gay-for-the-stay) inmates who are "well endowed" and who pay me in tobacco and coffee. On 9/6/2017, Officer DOE did

harass me when he did question me about my allegedly having let another inmate penetrate my butt. I then did admit that I did discuss the matter with the other inmate while we were both alone in the yard bathroom, however, the other inmate refused to pay me because he said he heard I was loose back there, which is a lie. I denied that anything occurred at that time.

At that time, Officer DOE did threaten me with misconduct for being in the yard bathroom with another inmate, and I told him that there is no rule or law against it. After checking prison policies and rules, Officer Doe agreed with me that there is no rule against it, butt [sic] did further threaten me by telling me I should "watch my back."

I had to take it in trade, $20 worth, with another jailhouse informant to help me with this complaint.

As a result of Officer DOE's harassment, I am sore, emotional, and ongoing mentally disturbed.

I seek the defendant's [sic] fired, and lots of money.

(Doc. 1, pp. 2, 3).

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

Named as a defendant is Superintendent Thomas McGinley. Liability "cannot be predicated solely on the operation of *respondeat superior*." *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *Id.* In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow. *Atkinson*, 316 F.3d at 271; *Rode*, 845 F.2d at 1207-08. The complaint is devoid of allegations against Defendant McGinley and, based on the nature of the allegations, it is clear the Svirbley seeks to impose

5

liability based solely on his supervisory role and not as a result of actual knowledge of, or personal involvement in, the alleged unconstitutional conduct.

Svirbley alleges that Defendant Doe verbally harassed him. Assuming this is true, it is well-settled that the use of words, no matter how violent or harsh, do not amount to a violation of the prisoner's civil rights by the officer. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal harassment by threatening to hang an inmate is not sufficient to state a constitutional deprivation under § 1983) *Johnson v. Glick*, 481 F.2d 1028, 1033 n. 7 (2d Cir. 1973). *See also Lewis v. Wetzel*, 153 F. Supp. 2d 678 (M.D. Pa. 2015); *Hawkins v. Brooks*, 694 F. Supp. 2d 434 (W.D. Pa. 2010); *MacLean v. Secor*, 876 F. Supp. 695, 698–99 (E.D. Pa. 1995) ("[i]t is well-established that verbal harassment or threats will not, without some reinforcing act accompanying them, state a constitutional claim"). Accordingly, Svirbley's claim of verbal harassment fails to state a cognizable constitutional claim.

Additionally, he merely alleges that he suffered emotional harm. The Prison Litigation Reform Act prohibits recovery of damages for mental and emotional injuries absent a showing of physical injury. 42 U.S.C. § 1997e(e); *Mitchell v. Horn*, 318 F.3d 523, 535-36 (3d Cir. 2003) (requiring more than *de minimis* physical injury as predicate to allegation of emotional injury).

## IV. **LEAVE TO AMEND**

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure); FED.R.CIV.P. 15(a)(2). Affording plaintiff an opportunity to amend would clearly be futile given the facts presented and the harm allegedly suffered.

## V. **CONCLUSION**

For the reasons set forth above, the complaint (Doc. 1) will be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will enter.